USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
LILIAN L. SANCHEZ,                                :
                                   Plaintiff,    :
                                                          :          13 Civ. 02968 (LGS)
                -against-                  :
                                                          :          OPINION AND ORDER
CAROLYN W. COLVIN, Acting Commissioner  :
of Social Security,                              :
                                   Defendant.  :
                                                          :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Lilian L. Sanchez brings this action against Defendant Carolyn Colvin, the Acting Commissioner of Social Security, seeking a review of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). Plaintiff and the Commissioner filed cross-motions for judgment on the pleadings. Before the Court is the Report and Recommendation of Magistrate Judge Francis ("Report") recommending that Plaintiff's motion be granted, Defendant's motion be denied and the application be remanded to the Commissioner for further proceedings. For the reasons stated below, the Report is adopted in its entirety.

**I.     BACKGROUND**

       On October 18, 2011, Plaintiff filed a claim for SSI on the ground that she was disabled. On March 27, 2012, the Social Security Administration ("SSA") denied her application. On May 25, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to challenge the denial. On January 3, 2013, a hearing was held via videoconference before an ALJ. On January 14, 2013, the ALJ issued a decision in which he found that Plaintiff was not disabled because she was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" pursuant to 20 C.F.R. § 404.1520(g)(1).

On May 2, 2013, Plaintiff filed her Complaint in this action. The case was referred to Magistrate Judge Francis on May 8, 2013. Judge Francis issued the Report on March 17, 2014, recommending that the Commissioner's decision denying Plaintiff's application for disability insurance benefits be vacated and that the matter be remanded for further administrative proceedings. Neither party filed objections to the Report.

## II.   STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## III.   DISCUSSION

The Report found that in determining that Plaintiff was capable of adjusting to other work, the ALJ improperly relied on the testimony of a vocational expert. Specifically, the Report found that the hypothetical that the ALJ posed to the expert – whether jobs were available to an individual with Plaintiff's physical and mental limitations, assuming that he or she could exercise "occasional judgment" – was unsupported by the record, internally inconsistent and lacking significant information. On that ground, the Report recommended that the case be remanded pursuant to 42 U.S.C. § 405(g) for a reassessment of jobs available to Plaintiff. With respect to Plaintiff's remaining arguments, the Report found that (i) the reduced weight that the ALJ gave to the opinion of Plaintiff's treating physician was supported by substantial evidence;

(ii) if on remand the ALJ finds disability, he would be required to rule definitively on the issue of whether substance addiction was a contributing factor material to disability; and (iii) on remand, the ALJ must specifically identify any statements by Plaintiff that he finds not credible and set forth the reasons for that finding.

Having reviewed the Report, the Court finds that the factual and legal bases underlying the Report are not clearly erroneous or contrary to law.  Accordingly, the Report is adopted in its entirety as the decision of the Court.

## IV.   CONCLUSION

For the reasons stated above, the Report is adopted in its entirety.   Plaintiff's motion for judgment on the pleadings is GRANTED insofar as she requests that the matter be remanded.  Defendant's cross-motion for judgment on the pleadings is DENIED.  The case is remanded to the Commissioner for further administrative proceedings consistent with this opinion and the Report.

The Clerk of Court is directed to close the motions at Dkt. Nos. 11 and 14 and to close this case.

Dated:  New York, New York
        August 26, 2014

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3